IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS LOPEZ, | No. C -12-01575 EDL |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| DAPC LLC, et al., | |
| Defendants. | |

Pro se Plaintiff Juan Lopez brought this action against Defendants for violation of the Protecting Tenants at Foreclosure Act of 2009 (PTFA), 12 U.S.C. § 5201, et seq. On May 11, 2012, Defendants filed a motion to dismiss Plaintiff's case. Plaintiff did not file an opposition. Because this matter is appropriate for decision without oral argument, the Court vacated the June 19, 2012 hearing. For the reasons stated in this Order, Defendants' Motion to Dismiss is granted without leave to amend.

**Allegations from the complaint**

Plaintiff alleges that he resides at 2304 DeMartini Lane in Brentwood, California as a renter. Compl. p. 2, ¶ 4. Plaintiff alleges that Defendant DAPC, LLC is a corporation doing business in Contra Costa County. Compl. p. 2, ¶ 6.

Plaintiff alleges that on or about March 26, 2012, Defendants filed an unlawful detainer action in state court against him. Compl. p. 3, ¶ 1. He alleges that Defendants acquired the ownership of 2304 DeMartini Lane from a trustee sale that was conducted in Contra Costa County. Compl. p. 3, ¶ 2. Plaintiff alleges that the trustee's deed upon sale was recorded in the County Recorder's office in Contra Costa County. Id.

Plaintiff alleges that he was in actual possession of 2304 DeMartini Lane as a legal tenant

and that he has a residential lease that is signed by the former owner of the foreclosed property. Compl. p. 3, ¶ 3.  Plaintiff alleges that on or about February 27, 2012, Defendants acquired title to the property and served a notice to vacate on Plaintiff by posting the notice on the front door. Compl. p. 3, ¶ 4.  Plaintiff alleges that he became aware of the notice and contacted Defendants to tell them that he was a bona fide tenant residing at the property.  Compl. p. 3, ¶ 4.  Plaintiff alleges that he provided the residential lease to Defendants and asked for ninety days to vacate as he believed was required under federal law.  Compl. p. 3, ¶ 5.  Plaintiff alleges that Defendants prematurely filed an unlawful detainer action against him and did not give him ninety days as required under PTFA.  Compl. p. 4, ¶ 7.  Plaintiff filed this case on March 29, 2012, alleging one claim for violation of the PTFA.

**Legal standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.  Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id.  Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950.  That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

2

**Discussion**

**1.     There is no private right of action under the Protecting Tenants at Foreclosure Act (PTFA)**

The PTFA is a relatively recent federal statute that provides certain protections to tenants who reside in foreclosed property, including, where applicable, the right to continue living in the premises for the duration of their lease and the right to a ninety-day eviction notice.  The PTFA states, in relevant part:

> (a) IN GENERAL.-In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to-
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
> (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure-
> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1), or
> (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1),
> except that nothing under this section shall affect the requirements for termination of any Federal-or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

123 Stat. 1632, 1660 (2009).

Although the statute is silent as to whether there is a private right of action under PTFA, numerous courts have concluded that there is no private right of action.  See, e.g., Nativi v. Deutsche Bank National Trust Co., 2010 WL 2179885 (N.D. Cal. May 26, 2010).  In Nativi, the court concluded that the PTFA did not create a private right of action, and emphasized that the legislature indicated its intent not to create a remedy:

> On its face, the statute does not explicitly state whether Congress intended PTFA to include private rights of action. The statute does state that tenants would be granted a right to remain in their homes for "at least 90 days." See 123 Stat. 1632, 1660 (2009). Review of the Congressional Record indicates that Congress intended tenants to have protection to deal with the foreclosure crisis:
>
>  A landlord should not be allowed to come in, change the locks, and force out tenants who were there completely legitimately, with an expectation that they were coming home to their same old home ...
>
> See 155 Cong. Rec. S5110-5111 (daily ed. May 5, 2009) (statement of Sen. Kerry). Although the framers of the statute indicated granting rights to tenants, they did not

3

> indicate an intent to create a remedy. In fact, the Congressional Record emphasizes that the remedy should not come from the federal court but rather from the state court:
>
>> Congress and the administration have taken a number of actions to help our homeowners weather this housing crisis. We have worked to expand foreclsoure counseling services, provide homeowners with incentives to write down their debts, and to give local governments and States the tools they need to tackle this housing crisis.
>
> See 155 Cong. Rec. S5096-7 (daily ed. May 5, 2009) (statement of Sen. Gillibrand) (emphasis added). Senator Kerry, in discussing the eviction policies of states, said, "[s]o what we believe is that this [Act] provides an appropriate level of protection." See id. at S5111 (statement of Sen. Kerry). Senator Kerry went on to state an incident of a "45-year-old former factory worker from China" who was evicted and "ended up on the street with all of her possessions." See id. In this incident, the remedy for the tenant came not from the federal court but rather from the state court, which issued an order that allowed her to move back. See Ric Kahn, Foreclosing Costs, The Boston Globe, March 9, 2008. The PTFA was intended to allow tenants who are victims of the foreclosing crisis a protection that can be used in the state courts to combat unlawful evictions. See 155 Cong. Rec. S5111 (daily ed. May 5, 2009) (statement of Sen. Kerry). Such was the case recently in Bank of Am., N.A. v. Owens, where the PTFA was used to give greater protection to tenants. See Bank of Am., N.A. v. Owens, 2010 N.Y. Misc. LEXIS 954 (N.Y.Sup.Ct. May 4, 2010).
>
> Because Congress intended the PTFA to be used for protection in state court, a private right of action is not found to exist under the PTFA.

Nativi, 2010 WL 2179885, at *3-4; see also U.S. Bank National Association v. Gilliam, 2012 WL 1067669, at *1 (N.D. Cal. Mar. 28, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction."); Pacific Realty Investment Group v. Sprangler, 2011 WL 6020572, at *2 (N.D. Cal. Nov. 16, 2011) ("On its face, the PTFA does not expressly state any private right of action. The legislative history further emphasizes that the PTFA was intended to allow tenants who are victims of the foreclosure crisis a protection that can be used in the state courts to combat unlawful evictions. Based on this omission of any express private right, and the legislative history confirming that the statute's protections apply in response to state court evictions, the court must conclude a private right of action does not exist under the PTFA. Every other court identified by the undersigned to have considered the issue has found no private federal right of action in the PTFA."); Snyder v. Federal Home Loan Mortgage Corp., 2011 WL 5121149, at *2 (N.D. Cal. Oct. 28, 2011) ("Courts considering the issue have consistently concluded that Section 702 does not provide a private right of action. . . . Because Section 702 does not provide a private right of action, those claims must be

4

dismissed."); Wells Fargo Bank v. Lapeen, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) ("And the PTFA's provisions do not create a federal claim allowing for evictions, either explicitly or implicitly. The district court in Nativi v. Deutsche Bank Nat. Trust Co., No. 09–06096 PVT, 2010 WL 2179885 (N.D.Cal. May 26, 2010), analyzed the congressional record and text of the PTFA, concluding that no private right of enforcement was implied.  Specifically, the Nativi court quoted Senator Gillibrand's statement that the PTFA was intended 'to give local governments and States the tools they need to tackle this housing crisis.' Additionally, by its plain text, the PTFA is focused on providing additional or supplemental protections to state or local laws.") (internal citations omitted); Logan v. U.S. Bank National Ass'n, 2010 WL 1444878, at *7-10 (C.D. Cal. Apr. 12, 2010) ("For the foregoing reasons, the court finds that Section 702 does not create either an express or implied private right of action for tenants to seek damages against successors in interest to foreclosed property for violating the ninety-day notice requirement.").

Accordingly, because there is no private right of action, Plaintiff's complaint, which contains only one claim under the PTFA, must be dismissed.  Defendants' motion to dismiss is granted.  Because amendment of the complaint would be futile, dismissal is without leave to amend.

**IT IS SO ORDERED.**

Dated:  June 14, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge